UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No. | CV-04-5593 GAF (RNBx) | Date | January 17, 2007 |
|---|---|---|---|
| Title | In re Am. Mutual Funds Fee Litigation | | |

| Present: The Honorable | **GARY ALLEN FEESS** | | |
|---|---|---|---|
| Marilynn Morris | None | | N/A |
| Deputy Clerk | Court Reporter / Recorder | | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None | None |

**Proceedings:** (In Chambers)

**ORDER RE: MOTION TO DISMISS**

**A. BACKGROUND**

In this case the owners of shares in 15 different funds in the American Funds mutual fund family claim that the funds' investment adviser and distributor charged excessive and unfair fees that enriched the investment adviser and distributor at shareholder expense without providing them any benefit or adding any value. Plaintiffs contend that this conduct constituted a breach of fiduciary duty under the Investment Company Act of 1940 ("the Section 36(b) claim"). 15 U.S.C. § 80a-35(b); see Gartenberg v. Merrill Lynch Asset Management, Inc., 694 F.2d 923 (2nd Cir. 1982). Plaintiffs also assert a claim under 15 U.S.C. § 80a-47(a) ("the Section 48(a) claim") in which they assert that the parent of the funds' advisor and distributor caused them to receive excessive fees. Plaintiffs have abandoned their Third and Fourth Claims in which they assert antitrust claims against the defendants.

A number of defendants, (1) Capital Research and Management Co. (CRMC), the Funds' investment adviser, (2) American Funds Distributors, Inc. (AFD), the Funds' distributor, and (3) Capital Group Companies, Inc. (Capital Group), the ultimate parent of the Funds' adviser and distributor,[1] now move to dismiss the Second Amended Complaint (SAC) on several grounds. They contend that, under the Section 36(b) claim, Plaintiffs cannot recover for any damages incurred prior to one year from the date on which the SAC was filed and that Plaintiffs have not alleged, with sufficient specificity, any facts occurring within that one year period that would give rise to a claim. They contend further that the entire action should be dismissed because, when the Court ruled that part of the action set forth in the Consolidated Amended Complaint fell within the Securities Litigation Uniform Standards Act ("SLUSA"), 15 U.S.C. § 78bb(f)(1), ban on state law securities fraud claims, the entire action should have been deemed preempted. In re Lord Abbett Mutual Funds Fee Litigation, 2006 WL 3483946 (D.N.J. 2006). Finally, they assert that the Section 48(a) claim should be dismissed because the statute

---

[1] Because the suit is brought in part as a derivative action, the fifteen funds are named as nominal defendants; they do not join in the present motion.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| | | | |
|---|---|---|---|
| Case No. | CV-04-5593 GAF (RNBx) | Date | January 17, 2007 |
| Title | In re Am. Mutual Funds Fee Litigation | | |

does not provide for a private right of action to enforce its requirements.

The Court concludes that the motion to dismiss the Section 36(b) claim should be **DENIED**. As set forth in greater detail below, a Section 36(b) action commences when the claim is first filed even if the claim was not properly pled in the initial complaint. Therefore, the complaint permits a recovery of damages for any events that occurred within a year of the filing of the initial complaint in this case. As to SLUSA, that statute does not preempt or preclude federal securities claims merely because they may be included in a complaint that includes preempted state law claims. As to the Section 48(a) claim, the motion is **GRANTED** because the statute does not provide for a private right of action.

## B. DISCUSSION

### 1. The Legal Standard

A Rule 12(b)(6) motion tests the legal sufficiency of the claims asserted in the complaint. Dismissal is proper only where "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Conley v. Gibson, 355 U.S. 41, 45-46, 2 L. Ed. 2d 80, 78 S. Ct. 99 (1957); Moore v. City of Costa Mesa, 886 F.2d 260, 262 (9th Cir. 1989)(quoting Conley v. Gibson), cert. denied, 496 U.S. 906, 110 L. Ed. 2d 269, 110 S. Ct. 2588 (1990). In assessing the merits of a Rule 12(b)(6) motion, a court must accept as true all material allegations in the complaint, as well as reasonable inferences to be drawn from them. NL Industries, Inc. v. Kaplan, 792 F.2d 896, 898 (9th Cir. 1986). In this case, the motions present the Court with pure questions of law which are properly addressed by way of a motion to dismiss.

### 2. The Section 36(b) Claim

Section 36(b) of the Investment Company Act of 1940 (15 U.S.C. § 80a-35(b)) establishes a private right of action that permits investors in a mutual fund to pursue a breach of fiduciary duty claim in the fund's name against its investment adviser. The statute provides:

> For the purposes of this subsection, the investment adviser of a registered investment company shall be deemed to have a fiduciary duty with respect to the receipt of compensation for services, or of payments of a material nature, paid by such registered investment company, or by the security holders thereof, to such investment adviser or any affiliated person of such investment adviser. *An action* may be brought under this subsection by the Commission, *or by a security holder of such registered investment company on behalf of such company,* against such investment adviser, or any affiliated person of such investment adviser, or any other person enumerated in subsection (a) of this section who has a fiduciary duty concerning such compensation or payments, for breach of fiduciary duty in respect of such compensation or payments paid by such registered investment company or by the security holders thereof to such investment adviser or person.

(Emphasis added.) The section has been interpreted to permit only derivative actions brought on behalf

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.   CV-04-5593 GAF (RNBx)                    Date    January 17, 2007

Title      In re Am. Mutual Funds Fee Litigation

of the registered investment company, and not directly by the shareholders against the investment adviser. E.g., Daily Income Fund, Inc. v. Fox, 464 U.S. 523, 534-35 & n.11 (1984); Olmsted, 283 F.3d at 433; see Strougo v. Bassini, 282 F.3d 162 (2d Cir. 2002); Lapidus v. Hecht, 232 F.3d 679, 682 (9th Cir. 2000). Subsection (b)(3) further provides:

> No such action shall be brought or maintained against any person other than the recipient of such compensation or payments, and no damages or other relief shall be granted against any person other than the recipient of such compensation or payments. No award of damages shall be recoverable for any period prior to one year before *the action* was instituted.

Defendants read these two provisions of the statute to mean that a lawsuit is not an "action" under Section 36(b) if it is not properly pled as a derivative suit, which is the only action permitted under the statute. From that conclusion they assert that the Section 36(b) claim should be dismissed because it was not properly pled until it appeared in the SAC on February 16, 2006, and because the SAC has not pled facts within the immediately preceding year that would form the basis for a recovery under Section 36(b). And while Defendants acknowledge that Plaintiffs made reference to a derivative theory in their original complaint, Defendants contend that the Consolidated Amended Complaint: (1) supersedes and renders the prior complaint a nullity; and (2) is not "an action . . . brought under [Section 36(b)]" because it does not plead a derivative claim. Thus, Defendants contend that the Court's analysis of their motion to dismiss should focus solely on the SAC.

In response, Plaintiffs note that the original complaint was filed on or about July 15, 2004 and that it contained an allegation that it was being brought as a class action on behalf of investors in various of the American Funds, "and derivatively on behalf of the American Funds, against the American Funds investment advisers, their corporate parents and the American Funds directors." (Para. 1.) Thus, according to Plaintiffs, even if the original complaint may have been defective in certain respects, it specifically placed defendants on notice that they had asserted a derivative claim on behalf of the funds against the investment adviser and others. Moreover, Plaintiffs note that the Consolidated Amended Complaint asserted a class action against the defendants named in the current complaint, and included a Section 36(b) claim. And although it was pled as a direct claim against the investment advisor and others, Plaintiffs note an allegation that the Funds incurred damages as a result of the actions of the charged defendants. (See Consolidated Amended Complaint, Para. 198.) Accordingly, Plaintiffs assert that a Section 36(b) action is instituted when a party attempts to bring suit under that section whether or not the effort to state the claim may have been defective.

Defendants offer no support for their contention that "action" should be interpreted in the restrictive manner proposed in their motion. Although Section 36(b) refers to the institution of an action for breach of fiduciary duty, it gives no indication that Congress imbued the word "action" in that section with any special meaning. "If the statute uses a term which it does not define, the court gives that term its ordinary meaning." DeGeorge v. United States District Court, 219 F.3d 930, 937 (9th Cir. 2000). Thus, an "action" means a lawsuit, see BLACK'S LAW DICTIONARY (8th Ed. 2004); Rules 2 &3, FED. R. CIV. P.; cf. Rule 15(c)(3), FED. R. CIV. P.; and the institution of an action means the filing of a

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | CV-04-5593 GAF (RNBx) | Date | January 17, 2007 |
| Title | In re Am. Mutual Funds Fee Litigation | | |

lawsuit. Id.; Lindley v. General Elec. Co., 477 U.S. 21, 24 (1986) (equating commencement of an action with the filing of a complaint). Thus, on its face, the statute indicates that, so long as a plaintiff has filed suit under that statute, even if it is defective and must be revised or amended, a Section 36(b) action has been instituted. From that, it follows that the one year "reach back" is calculated from the date on which the action was first filed.

### 3. *The SLUSA Issue*

When this Court ruled on the motions to dismiss the Consolidated Amended Complaint, it concluded that the state law class action claims were preempted under SLUSA. Defendants now contend that the presence of a SLUSA preempted claim requires dismissal of the entire action including any federal claim included in the lawsuit. Defendants base this argument on 15 U.S.C. § 78bb(f)(1), which provides in pertinent part:

> No covered class action based upon the statutory or common law of any State or subdivision thereof may be maintained in any State or Federal court by any private party alleging – (A) a misrepresentation or omission of a material fact in connection with the purchase or sale of a covered security; or (B) that the defendant used or employed any manipulative or deceptive devise or contrivance in connection with the purchase or sale of a covered security.

According to Defendants, the language "covered class action" encompasses the entirety of any action that includes any state law class claims of the sort described in Subsections (A) or (B). Defendants find support for their argument in In re Lord Abbett Mutual Funds Fee Litigation, 2006 WL 3483946 (D.N.J. 2006).

This Court finds Lord Abbett unpersuasive. SLUSA was enacted for the express purpose of barring plaintiffs from circumventing the reforms of the Private Securities Litigation Reform Act (PSLRA) by bringing securities fraud cases under state statutory or common law. As the Supreme Court wrote in Merrill Lynch, Pierce, Fenner & Smith, Inc. v. Dabit, 126 S. Ct. 1503, 1511 (2006):

> The effort to deter or at least quickly dispose of those suits whose nuisance value outweighs their merits placed special burdens on plaintiffs seeking to bring federal securities fraud class actions. But the effort also had an unintended consequence: It prompted at least some members of the plaintiffs' bar to avoid the federal forum altogether. Rather than face the obstacles set in their path by the Reform Act, plaintiffs and their representatives began bringing class actions under state law, often in state court. The evidence presented to Congress during a 1997 hearing to evaluate the effects of the Reform Act suggested that this phenomenon was a novel one; state-court litigation of class actions involving nationally traded securities had previously been rare. See H.R.Rep. No. 105-640, p. 10 (1998); S.Rep. No. 105-182, pp. 3-4 (1998). To stem this "shif[t] from Federal to State courts" and "prevent certain State private securities class action lawsuits alleging fraud from being used to

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| | | | |
|---|---|---|---|
| Case No. | CV-04-5593 GAF (RNBx) | Date | January 17, 2007 |
| Title | In re Am. Mutual Funds Fee Litigation | | |

frustrate the objectives of" the Reform Act, SLUSA §§ 2(2), (5), 112 Stat. 3227, Congress enacted SLUSA.

Similar observations have been made by the Second and Ninth Circuit Courts of Appeal. See Falkowski v. The Imation Corp., 309 F.3d 1123, 1128 (9th Cir. 2002); Spielman v. Merrill Lynch, Pierce, Fenner & Smith, Inc., 332 F.3d 116, 122-23 (2d Cir. 2003). The Falkowski court noted:

> Under SLUSA, federal court is the exclusive venue for fraud claims "in connection with the purchase or sale of a covered security" and the statute itself specifically provides for removal of such claims to federal court. The statute was originally enacted in 1998 because heightened pleading requirements in federal securities cases caused a pilgrimage of securities claims to state courts, thus circumventing congressional reforms designed to restrict federal securities claims.

Id. Similarly, in Spielman, the Second Circuit observed:

> Driving enactment of SLUSA was Congress' finding that litigants eluded PSLRA's reach with relative ease. Confronted with more onerous procedural requirements and dimmed prospects of success under the PSLRA, litigants simply abandoned use of federal court and filed suit in state court under state securities laws. [Citation.] PSLRA's objectives went largely unrealized due to this "federal flight" loophole. SLUSA was enacted to close the loophole by mandating federal court as "the exclusive venue for class actions alleging fraud in the sale of certain covered securities and by mandating that such class actions be governed exclusively by federal law." [Citation.]

332 F.3d, at 123.

Nothing in SLUSA's purpose suggests that, by precluding plaintiffs from bringing securities class actions under state law, Congress also meant to bar, limit, or otherwise place barriers to the pursuit of legitimate claims brought under federal law. Plaintiff seems to overlook the proposition that a Plaintiff's pursuit of claims under federal statutes enacted by Congress would not frustrate or undermine the reform objectives of the Congressional mandate reflected in the PSLRA. Thus, SLUSA precludes only "covered class actions based upon the statutory or common law of any state" and precludes plaintiffs from bringing such actions; the language does not refer to an action "any part of which" is based on state law. Given the statutory purpose – which is to eliminate certain state, but not federal, securities cases – the words "covered class action" should be read to include lawsuits, or those portions of lawsuits, that assert the claims Congress meant to eliminate. Any other reading is counterintuitive. The Supreme Court in Dabit implied as much when it articulated the question before it in these words:

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| | |
|---|---|
| Case No. CV-04-5593 GAF (RNBx) | Date January 17, 2007 |
| Title In re Am. Mutual Funds Fee Litigation | |

> In this case the Second Circuit held that SLUSA only pre-empts state-law class-action *claims* brought by plaintiffs who have a private remedy under federal law. 395 F.3d 25 (2005). A few months later, the Seventh Circuit ruled to the contrary, holding that the statute also pre-empts state-law class-action *claims* for which federal law provides no private remedy. Kircher v. Putnam Funds Trust, 403 F.3d 478 (C.A.7 2005). The background, the text, and the purpose of SLUSA's pre-emption provision all support the broader interpretation adopted by the Seventh Circuit.

126 S.Ct., at 1507. (Emphasis added.) Indeed, in the decision from which the appeal was taken, the Second Circuit, in a portion of the opinion not affected by the Supreme Court's ruling, expressly addressed the question of whether the entire action should be dismissed if it included non-covered claims and held that SLUSA preempted only those categories of state action that represented flight from the federal requirements set forth in the PSLRA. Dabit v. Merrill Lynch, Pierce, Fenner & Smith, Inc., 395 F.3d 25, 42 (2d Cir. 2005). The reasoning of these cases teaches that Congress did not intend to preclude a plaintiff from pursuing legitimate, federal securities claims merely by including them in a lawsuit that also contained covered, pre-empted claims.

In short, the Court concludes that SLUSA does not require the Court to alter its earlier ruling.

### 4. *The Section 48(a) Claim*

As Plaintiffs acknowledged at the hearing on this motion, there is no private right of action under Section 48(a). District Courts, taking direction from Alexander v. Sandoval, 121 S. Ct. 1511, 1520-21 (2001) have uniformly held that Section 48(a) establishes no private right of action.

> See, e.g., In re Salomon Smith Barney Mut. Fund Fees Litig., 441 F. Supp. 2d at 603; In re Merrill Lynch Invest. Mgmt. Funds Sec. Litig., 434 F. Supp. 2d 233, 239-40 (S.D.N.Y. 2006); In re Morgan Stanley and Van Kampen Mut. Fund Sec. Litig.,2006 WL 1008138, at *11; In re Evergreen Mut. Funds Fee Litig., 423 F. Supp. 2d at 260 n.5; In re Eaton Vance Mut. Funds Fee Litig., 380 F. Supp. 2d at 232 ("The absence of rights-creating language, the existence of an alternative method of enforcement, and the existence of an explicit private right of action for another provision of the statute creates the strong presumption that Congress did not intend to create private rights of action under §§ 34(b), 36(a), or 48(a).").

Accordingly, the Section 48(a) claim is **DISMISSED**.

### 5. *The Antitrust Claims*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV-04-5593 GAF (RNBx) | Date | January 17, 2007 |
|---|---|---|---|
| Title | In re Am. Mutual Funds Fee Litigation | | |

    Plaintiffs state that they are voluntarily dismissing Counts Three and Four – their antitrust claims – from the SAC. (Opp'n at 2 n.2.) Procedurally, this purported voluntary dismissal should be considered a motion to amend the pleadings. See Hells Canyon Pres. Council v. U.S. Forest Serv., 403 F.3d 683, 687 (9th Cir. 2005) ("[W]ithdrawls of individual claims against a given defendant are governed by Fed. R. Civ. P. 15, which addresses amendments to pleadings.").

**C. CONCLUSION**

    For the foregoing reasons, the motion to dismiss the Section 36(b) is **DENIED**. The motion to dismiss the Section 48(a) claim is **GRANTED**. The Court further GRANTS the request to dismiss the Third and Fourth Claims and ORDERS a Third Amended Complaint filed to conform to the rulings set forth in this order.

    IT IS SO ORDERED.