| | |
|---|---|
| 1 | GIBSON, DUNN, & CRUTCHER LLP |
| | GARETH T. EVANS, SBN 138992 |
| 2 | e-mail: gevans@gibsondunn.com |
| | ANDREW Z. EDELSTEIN, SBN 218023 |
| 3 | 333 S. Grand Avenue, 46th Floor |
| | Los Angeles, CA 90071-3197 |
| 4 | Telephone: (213) 229-7000 |
| | Facsimile: (213) 229-7520 |
| 5 | |
| 6 | MILBANK, TWEED, HADLEY & McCLOY LLP |
| | JAMES N. BENEDICT, *Pro Hac Vice* |
| 7 | e-mail: jbenedict@milbank.com |
| | SEAN M. MURPHY, *Pro Hac Vice* |
| 8 | e-mail: smurphy@milbank.com |
| | JAMES G. CAVOLI, *Pro Hac vice* |
| 9 | C. NEIL GRAY, *Pro Hac Vice* |
| | L. ANTHONY PELLEGRINO, *Pro Hac Vice* |
| 10 | One Chase Manhattan Plaza |
| | New York, NY 10005-1413 |
| 11 | Telephone: (212) 530-5000 |
| | Facsimile: (212) 530-5219 |
| 12 | |
| 13 | Attorneys for Defendants Capital Research and Management Company and American Funds Distributors, Inc. |

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
## WESTERN DIVISION

| | |
|---|---|
| In re AMERICAN MUTUAL FUNDS FEE LITIGATION | MASTER FILE: CV-04-5593 GAF (RNBx) |
| | **DEFENDANTS' APPLICATION TO FILE UNDER SEAL DOCUMENTS RELATING TO PLAINTIFFS' MOTIONS TO STRIKE THE OPINIONS AND TESTIMONY OF MICHAEL MAHER, R. GLENN HUBBARD AND GEOFFREY BOBROFF** |
| | ([Proposed] Order provided herewith) |
| | Judge: Hon. Gary A. Fees |
| | Date: May 18, 2009 |
| | Time: 9:30 |
| | Place: Courtroom 740 |
| | 255 E. Temple Street |
| | Los Angeles, CA 90012 |

Gibson, Dunn & Crutcher LLP

# TABLE OF CONTENTS

Page(s)

I. BACKGROUND ................................................................................................. 1

II. ARGUMENT ..................................................................................................... 2

    A. Plaintiffs' Motion to Strike Defendants' Expert Michael Maher ......... 2

    B. Plaintiffs' Motion to Strike Defendants' Expert R. Glenn Hubbard ................................................................................................. 4

    C. Declaration of John McFarlane in Support of Plaintiffs' Motions to Strike Geoffrey Bobroff, Michael Maher and R. Glenn Hubbard ............................................................................................. 5

        1. Exhibit A: Expert Report of Michael Maher ............................ 5

        2. Exhibit B: Deposition Transcript of Michael Maher, dated March 18, 2009 ................................................................. 6

        3. Exhibit C: CRMC's Consolidated Financial Statements .......... 7

        4. Exhibit D: Deposition Testimony of Kenneth Gorvetzian, dated November 24, 2008 ................................... 7

        5. Exhibit F: December 2, 2008 Meeting of the Contract Committees of AMCAP Fund, Inc. and American Mutual Fund Inc. ............................................................................................ 8

        6. Exhibit G: Memorandum from Counsel ................................... 8

        7. Exhibit H: April 11, 2005 Email ............................................... 9

        8. Exhibit I: Excerpt from Board Materials .................................. 9

        9. Exhibit J: September 29, 2006 Memorandum from CRMC to the Funds' Boards ......................................................... 10

        10. Exhibit L: Geoffrey Bobroff's Expert Report ......................... 10

        11. Exhibit M: Deposition Testimony of Geoffrey Bobroff, dated March 20, 2009 ................................................................. 11

        12. Exhibit P: May 1, 2006 Contracts Committee Guide ............. 12

        13. Exhibit S: CRMC Interoffice Memorandum .......................... 12

        14. Exhibit T: May 18, 2006 Memorandum from CRCM to the Funds' Boards ...................................................................... 13

i

        15.    Exhibits U and V: Survey Responses ........................................ 13

   D.    Documents Defendants do Not Seek to Maintain Under Seal ........... 14

III.   CONCLUSION ................................................................................................ 15

Defendants Capital Research and Management Company ("CRMC") and American Funds Distributors, Inc. ("AFD") hereby submit this Application requesting that certain portions of Plaintiffs' Motions in Limine to Strike the Expert Reports and Proposed Testimony of Michael Maher, R. Glenn Hubbard and Geoffrey Bobroff as well as certain documents or portions thereof filed in support of Plaintiffs' Motions, be filed under seal because they contain confidential and/or sensitive business information that unfairly prejudice Defendants and subject them to a substantial risk of competitive harm if publicly disclosed. In support thereof, Defendants state as follows:

## I. BACKGROUND

Plaintiffs submitted three motions in limine on April 14, 2009: (1) a Motion to Strike the Opinions and Proposed Testimony of Michael Maher (2) a Motion to Strike the Opinions and Proposed Testimony of R. Glenn Hubbard and; (3) a Motion to Strike the Opinions and Proposed Testimony of Geoffrey Bobroff (together, the "Motions to Strike").

In support of their Motions to Strike, Plaintiffs attached the reports of Defendants' experts Geoffrey Bobroff, Michael Maher and R. Glenn Hubbard as well as supporting documents including deposition testimony and other documents produced by Defendants during fact discovery. Some of these documents or portions thereof contain confidential and/or highly sensitive business information relating to Defendants and their business that should not be publicly disclosed and therefore warrants protection from disclosure. Pursuant to the Court's November 28, 2008 "Order re Pending Motions" (Docket No. 274) (the "Order") and the "Stipulation re Filing Motions Under Seal," filed on April 13, 2009 (Docket No. 327) (the "Stipulation"), Plaintiffs filed their Motions to Strike and supporting documents under seal for a provisional period in order to give Defendants an opportunity to review the papers to determine which documents or portions thereof

1

Defendants should request be maintained under seal and protected from disclosure. Pursuant to the Stipulation, Defendants now submit this Application setting forth - on an "exhibit by exhibit basis," as required by the Court - why there is good cause for certain portions of Plaintiffs' motions to be maintained under seal. Additionally, Plaintiffs will file a redacted version of their motion papers. The redacted portions of Plaintiffs' motion papers contain the information Defendants ask this Court to file and maintain under seal.

As in the past, Defendants are mindful that the Order seeks to limit the number and types of documents filed under seal. Defendants performed a careful and conscientious review of the documents at issue and are asking the Court to maintain under seal only those documents or portions thereof that concern highly confidential and proprietary information of a commercial nature.

## II. ARGUMENT

For the sake of brevity and in an effort to streamline this Application, Defendants respectfully refer the Court to the Defendants' April 14, 2009 Application to File Under Seal Documents Relating to Defendants' Motions to Strike the Reports and Testimony of Alan Palmiter and Edward O'Neal for a discussion of the general legal principles regarding the non-disclosure of confidential and proprietary business information, which is incorporated herein by reference.

Below, Defendants set forth, on an exhibit-by-exhibit basis why, pursuant to these legal principles, there is good cause for certain portions of Plaintiffs' Motions to be maintained under seal.

### A. Plaintiffs' Motion to Strike Defendants' Expert Michael Maher

Defendants request that the redacted portions of Plaintiffs' Motion to Strike the Opinions and Proposed Testimony of Mr. Michael Maher be maintained under

Gibson, Dunn & Crutcher LLP

seal. The portions of Plaintiffs' Motion that Defendants seek to maintain under seal are minimal and relate to confidential information concerning the board process.

*First*, Defendants request that the discussion on page 3 of the Plaintiffs' Motion to Strike concerning advice from counsel to the independent directors relating to the independent directors' legal responsibilities in connection with the contract renewal process be protected from disclosure. The independent directors and their counsel operate under the expectation that their communications are confidential and will not be disclosed to the public. The disclosure of this information would unfairly prejudice Defendants and could unduly inhibit the independent directors' and their counsels' willingness to engage in frank and open discussions.

*Second*, Defendants request that the discussion on pages 4 through 6 of the Plaintiffs' Motion to Strike concerning certain communications between CRMC and the SEC be protected from disclosure. This discussion relates to the board process and details information provided to the independent directors. The information provided to the independent directors in connection with their contract renewal process is treated as confidential by CRMC and measures are taken to protect this information from disclosure to the public. Indeed, mutual fund advisers do not typically disclose their Board materials to the public because they contain confidential information and the format ad content of the materials has been developed by CRMC over a period of years and is akin to a trade secret. CRMC is a privately held business and disclosure of this information would unfairly prejudice Defendants in the conduct of their business and should be maintained under seal.

*Third*, Defendants request that the discussion on page 10 (as well as references to certain numerical figures on pages 11-14) be protected from disclosure. This discussion relates to Defendants' financial statements and cost

Gibson, Dunn & Crutcher LLP

allocation methodology. As CRMC is a private company, Defendants' financial information is highly confidential. Defendants believe that the disclosure of such information would subject them to substantial risk of competitive harm.

Below are the pages that contain the information in Plaintiffs' Motion to Strike the Opinions and Proposed Testimony of Michael Maher that Defendants request be maintained under seal:

- <u>Motion</u>: Pages 3-6, 10-14.

### B. Plaintiffs' Motion to Strike Defendants' Expert R. Glenn Hubbard

Defendants request that the redacted portions of Plaintiffs' Motion to Strike the Opinions and Proposed Testimony of R. Glenn Hubbard be maintained under seal. The information redacted on pages 6 through 9 of Plaintiffs' Motion to Strike relates primarily to internal CRMC documents, some of which relate to the Funds' boards' processes.

Defendants are a privately held company and treat their internal documents and communications as confidential, and take steps to protect such information from public disclosure. This is especially true with respect to documents provided to the independent directors in connection with the contract renewal processes and discussion or communications relating to these documents. Disclosure of this information would unfairly prejudice Defendants in the conduct of their business and should be maintained under seal. Many of the internal documents discussed in this Motion have also been attached as exhibits to John McFarlane's Declaration in support of Plaintiffs' Motion to Strike (*e.g.*, Exhibits H, S, T, U, V). For the above reasons as well as those set forth below in connection with the individual exhibits to the McFarlane Declaration, Defendants request that this information be protected from disclosure.

Below are the pages that contain the information in Plaintiffs' Motion to Strike the Opinions and Proposed Testimony of R. Glenn Hubbard that Defendants request be maintained under seal:

- <u>Report</u>: Pages 6-9.

### C. Declaration of John McFarlane in Support of Plaintiffs' Motions to Strike Geoffrey Bobroff, Michael Maher and R. Glenn Hubbard

Defendants request that a reference on page 3 of John McFarlane's Declaration to a document prepared by CRMC for the independent directors be maintained under seal. The reference discloses confidential information about the board process that is not publicly available and was never intended to be disclosed.

#### 1. Exhibit A: Expert Report of Michael Maher

Defendants request that the redacted portions of Mr. Maher's expert report be maintained under seal. Mr. Maher submitted an expert report on behalf of the Defendants to, among other things, (1) rebut Plaintiffs' expert's contention that certain information provided to the independent directors in connection with their consideration of the "administrative service fees" was required and critical and (2) rebut Plaintiffs' assertion that CRMC's profit sharing plan is a distribution of profits as opposed to a compensation expense. The portions of Mr. Maher's expert report that Defendants seek to file under seal are minimal and relate specifically to confidential financial information which, if disclosed, would subject Defendants to a substantial risk of competitive harm.

Specifically, Defendants seek to redact Mr. Maher's discussions and analyses relating to the costs and revenues associated with the Funds' administrative service fees. The information Defendants seek to redact is derived from the Defendants' internal company documents which are not publicly

available and pertain to Defendants' operation of their business. Indeed, Defendants' costs and revenues are not disclosed to other mutual fund advisers. Defendants believe that the disclosure of such information would subject them to substantial risk of competitive harm. Moreover, this type of information is precisely the type of information courts protect from disclosure and thus should be maintained under seal.

Additionally, Defendants request that a few redacted sentences on page 17 of Mr. Maher's report be maintained under seal. These few sentences relate to the compensation structure for investment professionals at CRMC. The compensation structure for CRMC's investment professionals is highly confidential, non-public information, the disclosure of which would prejudice Defendants in the conduct of their business and subject them to competitive harm. As the Court knows from prior briefings, it is standard practice in the financial services industry to maintain compensation-related information regarding its investment professionals as a closely guarded secret. *See, e.g.*, "Profit Sharing and Compensation" Joint Stipulation in Support of Motion to Compel, dated Nov. 7, 2008, at 48-49. As a private company, CRMC treats this information as highly confidential and it is of the utmost importance to Defendants that it remain undisclosed.

Below are the pages of Exhibit A, Mr. Maher's expert report, that contain information that Defendants request be maintained under seal:

- <u>Expert Report</u>:  Pages 4-8, 14, 17.

    2.    **Exhibit B:  Deposition Transcript of Michael Maher, dated March 18, 2009**

Defendants request that the few redacted sentences of Mr. Maher's deposition testimony be maintained under seal and protected from disclosure. The redacted sentences relate primarily to the disclosure of numerical cost figures derived from CRMC's internal cost data. For the same reasons as set forth above,

Gibson, Dunn & Crutcher LLP

this type of financial information is sensitive and highly confidential. CRMC's internal cost data is not publicly disclosed and if disclosed, would cause them substantial risk of competitive harm. Accordingly, Defendants request that this information be maintained under seal.

Below are the pages of Mr. Maher's deposition transcript containing confidential information that Defendants request be maintained under seal:

- <u>Deposition Transcript</u>: Pages 67, 105, 114, 140, 141-148, 158-160, 165, 173-177, 180, 202.

### 3. **Exhibit C: CRMC's Consolidated Financial Statements**

Defendants request that Exhibit C be protected from disclosure in its entirety and maintained under seal. Exhibit C contains certain of Defendants' financial statements. These statements contain detailed information about, *inter alia*, Defendants' expenses, operating income, revenues, and earnings. CRMC is a private company and it does not make their financial information available to the public. Defendants consider this information highly sensitive and believe the disclosure of these documents would subject them to substantial risk of competitive harm. This is exactly the type of information that courts have recognized is entitled to judicial protection from public disclosure and, Exhibit C (in its entirety) should therefore be maintained under seal.

### 4. **Exhibit D: Deposition Testimony of Kenneth Gorvetzian, dated November 24, 2008**

Defendants request that the portions of Kenneth Gorvetzian's deposition that make up Exhibit D be maintained under seal in its entirety. Plaintiffs attached 7 pages from Mr. Gorvetzian's 310-page deposition transcript. The attached pages discuss, among other things, CRMC's internal costs and cost allocation methodology. Defendants consider this information sensitive and highly

Gibson, Dunn & Crutcher LLP

confidential and believe the disclosure of this information would prejudice them in the operation of their business. Accordingly, Exhibit D (in its entirety) should be maintained under seal.

### 5. Exhibit F: December 2, 2008 Meeting of the Contract Committees of AMCAP Fund, Inc. and American Mutual Fund Inc.

Defendants request that Exhibit F be protected from disclosure in its entirety and maintained under seal. Exhibit F contains select materials given to the contracts committees of the Funds' boards in connection with the contract renewal process. Specifically, these materials contain detailed information about the administrative service fees. Defendants and the independent directors treat this information as highly confidential and operate under the expectation that it will be protected from disclosure. Moreover, mutual fund advisers do not typically disclose their board materials. Indeed, Defendants have developed the content and format of the materials provided to the Funds' boards over a period of several years and view the same as a trade secret. Disclosure of this information would unfairly prejudice Defendants in the conduct of their business. Exhibit F (in its entirety) should be maintained under seal.

### 6. Exhibit G: Memorandum from Counsel

Defendants request that Exhibit G be protected from disclosure in its entirety and maintained under seal. Exhibit G is a memorandum from counsel to the independent directors to CRMC requesting certain information in connection with the contract renewal process. The information contained in this document relates to the inner workings of the boards' governance processes and is highly confidential and sensitive information that is not publicly disclosed and was never intended to be publicly disclosed. The disclosure of this information would

8

unfairly prejudice Defendants in connection with the operation of their business and could unduly inhibit the independent directors' and their counsels' willingness to engage in frank and open discussions with CRMC. Accordingly, Exhibit G (in its entirety) should be maintained under seal.

### 7. Exhibit H: April 11, 2005 Email

Defendants request that Exhibit H be protected from disclosure in its entirety and maintained under seal. Exhibit H is a confidential email from Stuart Strachan, CRMC's internal counsel to certain CRMC executives. The information contained in this email purports to relate to conversations between Mr. Strachan and an independent director of one of the Funds. It has not been disclosed outside of CRMC other than in the context of this litigation. Putting aside numerous evidentiary objections to this email, until the parties have the opportunity to discuss pre-trial exhibits, the disclosure of the statements in this email would unfairly prejudice Defendants in connection with the operation of their business and could unduly inhibit the independent directors' willingness to engage in frank and open discussions with CRMC. Accordingly, Exhibit H (in its entirety) should be maintained under seal.

### 8. Exhibit I: Excerpt from Board Materials

Defendants request that Exhibit I be protected from disclosure in its entirety and maintained under seal. Exhibit I contains excerpts from materials provided to the independent directors in connection with the contract renewal process. Defendants and the independent directors treat this information as highly confidential and operate under the expectation that it will be protected from disclosure. Moreover, mutual fund advisers do not typically disclose their board materials. Disclosure of this information would therefore unfairly prejudice

Gibson, Dunn & Crutcher LLP

Defendants in the conduct of their business and should be maintained under seal. Exhibit F (in its entirety) should be maintained under seal.

### 9. Exhibit J: September 29, 2006 Memorandum from CRMC to the Funds' Boards

Defendants request that Exhibit J be protected from disclosure in its entirety and maintained under seal. Exhibit J is a memorandum from CRMC to the Funds' Boards relating to certain letters received from the SEC. This document was prepared by CRMC for the Boards with the expectation that it was confidential and would not be publicly disclosed. The disclosure of this information would unfairly prejudice Defendants in connection with the operation of their business. Exhibit J (in its entirety) should be maintained under seal.

### 10. Exhibit L: Geoffrey Bobroff's Expert Report

Defendants request that the redacted portions of Mr. Bobroff's expert report be protected from disclosure and maintained under seal. Mr. Bobroff submitted an expert report on behalf of the Defendants relating to the Funds' Boards' consideration, review, renewal, and negotiation of the investment advisory, Rule 12b-1, transfer agency and administrative service fee agreements for the Funds. Defendants have identified only a few portions of Mr. Bobroff's report that they believe should be maintained under seal.

Defendants request that the redacted portions of Mr. Bobroff's report that discuss board processes including detailed descriptions of documents provided to the independent directors in connection with the contract renewal processes, be filed under seal. For example, footnote 12 of Mr. Bobroff's report contains detailed information regarding the precise content of the "Director Information Book" which is provided to the independent trustees in anticipation of their review of the Funds' contracts. Defendants and the independent directors treat this

10

information as highly confidential and operate under the expectation that it will be protected from disclosure. Moreover, mutual fund advisers do not typically disclose their Board materials. Indeed, as mentioned, Defendants have developed the content and format of the materials provided to the Funds' boards over a period of several years and view the same as a trade secret. Disclosure of this information would therefore unfairly prejudice Defendants in the conduct of their business and should be maintained under seal.

Additionally, Defendants request that a discussion in Mr. Bobroff's report regarding communications between CRMC and the SEC staff relating to the SEC's periodic books and records examination be protected from disclosure. CRMC is a privately held business and the information discussed therein is not publicly disclosed. Defendants treat this information as confidential and believe the disclosure of this information would unfairly prejudice Defendants in the conduct of their business and should be maintained under seal.

Below are the pages of Mr. Bobroff's expert report that contain information that Defendants request be filed under seal:

- <u>Report</u>: Pages 19-21, 26, 31-32, 34-36, 40-41.

11. **Exhibit M: Deposition Testimony of Geoffrey Bobroff, dated March 20, 2009**

Defendants request that the redacted portions of Mr. Bobroff's deposition testimony be protected from disclosure and maintained under seal. Defendants request that only a few sentences of the deposition excerpts attached by Plaintiffs to the McFarlane Declaration be maintained under seal.

*First*, Defendants request that the redacted testimony relating to CRMC's financial statements be protected from disclosure. For the same reasons discussed above in connection with Exhibit C, Defendants believe this information is

11

Gibson, Dunn & Crutcher LLP

sensitive and highly confidential and if disclosed would subject Defendants to substantial risk of competitive harm.

*Second*, Defendants request that the redacted testimony relating to CRMC's internal practices and the board process likewise be protected from disclosure. CRMC is a privately held company and it operates under the assumption that its internal practices, documents and discussions are confidential and will not be publicly disclosed. Disclosure of this information would unfairly prejudice Defendants in the conduct of their business and should be maintained under seal.

Below are the pages of Mr. Bobroff's expert report that contain information that Defendants request be filed under seal:

- <u>Deposition Transcript</u>: Pages 160-165.

### 12. **Exhibit P: May 1, 2006 Contracts Committee Guide**

Defendants request that Exhibit P be protected from disclosure in its entirety and maintained under seal. Exhibit P contains materials given to the Contracts Committee of the Funds' Boards of Directors in connection with the contract renewal process. For the same reasons as discussed above, Defendants and independent directors treat this information as highly confidential. This, is turn, allows the independent directors and management to engage in open and frank discussions. Disclosure of this information would unfairly prejudice Defendants in the conduct of their business and should be maintained under seal. Exhibit P (in its entirety) should be maintained under seal.

### 13. **Exhibit S: CRMC Interoffice Memorandum**

Defendants request that Exhibit S be protected from disclosure and maintained under seal. Exhibit S is an internal memorandum between David W. Short, the then Chairman and Co-Chief Operating Officer of AFD and Kevin G. Clifford, President and Co-Chief Operating Officer of AFD. This memorandum

includes information relating to Defendants' strategy for running and operating their business. This memorandum contains sensitive and confidential information that was not intended for distribution or disclosure outside Defendants' business or, indeed, to anyone other than Mr. Clifford. Exhibit S (in its entirety) should be maintained under seal.

### 14.   Exhibit T:  May 18, 2006 Memorandum from CRMC to the Funds' Boards

Defendants request that Exhibit T be protected from disclosure and maintained under seal. Exhibit T is a memorandum from CRMC to the Funds' Boards relating to certain issues raised by the boards during an Independent Directors' Seminar. This memorandum provides information regarding the inner workings of the board process and as noted above, board materials are not typically disclosed. Defendants and the independent directors treat this information as highly confidential and operate under the expectation that it will be protected from disclosure. Disclosure of this information would unfairly prejudice Defendants in the conduct of their business. Exhibit T (in its entirety) should be maintained under seal.

### 15.   Exhibits U and V:  Survey Responses

Defendants request that Exhibits U and V be protected from disclosure and maintained under seal. These exhibits are responses to an internal survey by CRMC of its investment personnel. These surveys and its responses contain information relating to Defendants' management and operation of their business, as well as information relating to Defendants' business vis-à-vis their competitors. The survey was conducted under the expectation that it would be treated as confidential and it was not intended to be distributed or disclosed outside of the Company. Disclosure of this information would unfairly prejudice Defendants in

13

the conduct of their business and subject them to substantial risk of competitive harm. Exhibits U and V (in their entirety) should be maintained under seal.

### D. Documents Defendants do Not Seek to Maintain Under Seal

Defendants do *not* seek to file any portion of the following documents under seal:

- Plaintiffs' Motion to Strike the Opinions and Expert Testimony of Geoffrey Bobroff
- Exhibits E, K, N, O, Q and R to the McFarlane Declaration.

For the Court's reference, the following chart sets forth the various papers submitted by Plaintiffs' in connection with their Motions to Strike and the documents or portions thereof that Defendants request be protected from disclosure.

| DOC. | SEAL PROTECTION *NOT* REQUESTED | SEAL PROTECTION REQUESTED FOR *PORTION* OF DOCUMENT | SEAL PROTECTION REQUESTED FOR *ENTIRE* DOCUMENT |
|---|---|---|---|
| Pls' Mot. to Strike G. Bobroff | X | | |
| Pls' Mot. to Strike R. Hubbard | | X | |
| Pls' Mot. to Strike M. Maher | | X | |
| Decl. of J. McFarlane | | X | |
| Exh. A | | X | |
| Exh. B | | X | |
| Exh. C | | | X |
| Exh. D | | | X |

14

| DOC. | SEAL PROTECTION *NOT* REQUESTED | SEAL PROTECTION REQUESTED FOR *PORTION* OF DOCUMENT | SEAL PROTECTION REQUESTED FOR *ENTIRE* DOCUMENT |
|---|---|---|---|
| Exh. E | X | | |
| Exh. F | | | X |
| Exh. G | | | X |
| Exh. H | | | X |
| Exh. I | | | X |
| Exh. J | | | X |
| Exh. K | X | | |
| Exh. L | | X | |
| Exh. M | | X | |
| Exh. N | X | | |
| Exh. O | X | | |
| Exh. P | | | X |
| Exh. Q | X | | |
| Exh. R | X | | |
| Exh. S | | | X |
| Exh. T | | | X |
| Exh. U | | | X |
| Exh. V | | | X |

## III.   CONCLUSION

WHEREFORE, for the foregoing reasons, Defendants respectfully request that this Court grant Defendants' Application and enter the [Proposed] Order submitted herewith.

Dated:  April 21, 2009

Respectfully submitted,

GIBSON, DUNN & CRUTCHER LLP

By:_____
Andrew Z. Edelstein

Gibson, Dunn & Crutcher LLP

| | |
|---|---|
| 1 | |
| 2 | MILBANK, TWEED, HADLEY & McCLOY LLP |
| 3 | By: _/s/ James N. Benedict_ |
| 4 | James N. Benedict |
| 5 | Attorneys for Defendants |
| 6 | Capital Research and Management Company and American Funds Distributors, Inc. |

Gibson, Dunn & Crutcher LLP