MILBERG LLP
JEFF S. WESTERMAN (SBN 94559)
E-mail: jwesterman@milberg.com
SABRINA S. KIM (SBN 186242)
E-mail: skim@milberg.com
One California Plaza
300 South Grand Ave., Suite 3900
Los Angeles, CA 90071
Telephone: (213) 617-1200
Facsimile: (213) 617-1975

WEISS & LURIE
JOSEPH H. WEISS
E-mail: jweiss@weisslurie.com
RICHARD A. ACOCELLI (admitted
*pro hac vice*)
E-mail: racocelli@weisslurie.com
JULIA J. SUN
E-mail: to jsun@weisslurie.com
551 Fifth Avenue, Suite 1600
New York, NY 10176
Telephone: (212) 682-3025
Facsimile: (212) 682-3010

MILBERG LLP
JEROME M. CONGRESS (admitted
*pro hac vice*)
E-mail: jcongress@milberg.com
JANINE L. POLLACK (admitted *pro
hac vice*)
E-mail: jpollack@milberg.com
ANNA C. DOVER (SBN 217100)
E-mail: adover@milberg.com
JOHN R. S. MCFARLANE (admitted
*pro hac vice*)
E-mail: jmcfarlane@milberg.com
One Pennsylvania Plaza
New York, NY 10119-0165
Telephone: (212) 594-5300
Facsimile: (212) 868-1229

Co-Lead Counsel for Plaintiffs

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

### WESTERN DIVISION

| | |
|---|---|
| In Re AMERICAN MUTUAL FUNDS FEE LITIGATION<br><br>This Document Relates to:<br><br>ALL ACTIONS | MASTER FILE: CV-04-5593 (GAF) (RNBx)<br><br>PLAINTIFFS' MOTION IN LIMINE TO STRIKE THE OPINIONS AND PROPOSED TESTIMONY OF DEFENDANTS' EXPERT, R. GLENN HUBBARD<br><br>Date:      May 18, 2009<br>Time:     9:30 a.m.<br>Place:    Courtroom 740<br>Judge:   Honorable Gary A. Feess |

1

# TABLE OF CONTENTS

2

**Page**

3  I.     INTRODUCTION ..................................................................................1

4  II.    ARGUMENT AND AUTHORITIES ....................................................2

5         A.   Dr. Hubbard's Conclusions with Respect to Purported Competition in
              the Mutual Fund Market Are Not Relevant to this Court's
6             Determination of Whether Defendants Breached Their Fiduciary Duty
              under Section 36(b) ...................................................................3
7

8  III.   CONCLUSION......................................................................................10

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# TABLE OF AUTHORITIES

## FEDERAL CASES

*In re American Mutual Funds Fee Litigation,*
2005 U.S. Dist. LEXIS 41884 (C.D. Cal. Dec. 16, 2005)..........................3, 5

*Daily Income Fund, Inc. v. Fox,*
464 U.S. 523, 104 S. Ct. 831, 78 L. Ed. 2d 645 (1984) ................................4

*Daubert v. Merrell Dow Pharms., Inc.,*
509 U.S. 579, 113 S. Ct. 2786, 125 L. Ed. 2d 469 (1993) .................... 1, 2, 5

*Galfand v. Chestnutt Corp.,*
545 F.2d 807 (2d Cir. 1976) ........................................................6

*Gartenberg v. Merrill Lynch Asset Management, Inc.,*
694 F.2d 923 (2d Cir. 1982) .....................................................3, 4

*Jones v. Harris,*
527 F.3d 627 (7th Cir. 2007) ......................................................6

*Krinsk v. Fund Asset Management,*
715 F. Supp. 472 (S.D.N.Y 1988) .................................................4

*Kumho Tire Co. v. Carmichael,*
526 U.S. 137, 119 S. Ct. 1167, 143 L. Ed. 2d 238 (1999) ......................2

*QR Spex, Inc. v. Motorola, Inc.,*
03-6284, 2004 U.S. Dist. LEXIS 27378 (C.D. Cal. Oct. 28, 2004)..............2

*Schuyt v. Rowe Price Prime Reserve Fund,*
663 F. Supp. 962 (S.D.N.Y. 1987) .................................................4

*United States v. Sandoval-Mendoza,*
472 F.3d 645 (9th Cir. 2006) .......................................................2

## FEDERAL STATUTES

Fed. R. Evid. 702.........................................................................2

S. Rep. No. 184, 91st Cong., 1st Sess,..................................................4

## MISCELLANEOUS

*Gallus v. Ameriprise.* 07-2945, Slip. Op.............................................5, 6

ii

1    Plaintiffs respectfully move this Court *in limine* to exclude from the trial the
2    anticipated testimony of Defendants' expert witness, R. Glenn Hubbard, Ph.D,
3    pursuant to Rule 702 of the Federal Rules of Evidence and *Daubert v. Merrell Dow*
4    *Pharms., Inc.*, 509 U.S. 579; 113 S. Ct 2786, 125 L. Ed 2d 469 (1993)
5    ("*Daubert*").

6    **I.    INTRODUCTION**

7    Plaintiffs are shareholders of eight mutual funds ("the Funds") advised and
8    distributed by Defendants Capital Research and Management Company ("CRMC")
9    and    American    Funds    Distributors    ("AFD"),    respectively    (collectively,
10   "Defendants").   Plaintiffs bring this action under Section 36(b) of the Investment
11   Company Act of 1940 ("Section 36(b)") on behalf of the Funds against
12   Defendants, alleging that Defendants have breached their fiduciary duties in
13   connection with the charging of their fees.

14   Defendants will likely seek to introduce the testimony of Dr. Hubbard at trial
15   to give the following opinion, which is set forth in the Expert Report of R. Glenn
16   Hubbard dated February 26, 2009 ("Hubbard Report")[1] and in his March 30, 2009
17   deposition ("Hubbard Tr.")[2]:   that the competitive nature of the mutual fund market
18   prevents fund advisers from ever charging "economically" excessive fees Hubbard
19   Report at 3, 18-44.[3]

20   —————————————————

21   [1] Relevant portions of the Hubbard Report are attached as Exhibit Q to the
     Declaration of John R.S. McFarlane ("Decl."), filed concurrently herewith.  Mr.
22   Hubbard's Report reveals that Defendants have paid Dr. Hubbard $1,200 per hour
     for his expert testimony.  *See* Hubbard Report at 2.

23   [2]  Relevant portions of the Hubbard Transcript are attached as Decl., Exhibit R.

24   [3] This opinion includes the claim that competition "would prevent advisers from
25   sustaining excessive fees over time even if mutual fund boards did not [prevent the
     advisers from sustaining excessive fees]."  Hubbard Report at 40-41.  It also
26   includes Dr. Hubbard's contention that because the mutual fund market is
     competitive and the funds' expense ratios were low compared to their peers,
27   Defendants' fees were not excessive.  *Id.* at 3, 15-18.

28

DOCS\468927v2

1       Those portions of Dr. Hubbard's report, deposition and anticipated

2   testimony regarding this opinion should be excluded because the opinion has no

3   connection to any issues in this case, is not helpful to the Court and is therefore not

4   relevant.  This opinion conflicts with the Congressional findings that gave rise to

5   Section 36(b) and if adopted by the courts, would render that statute powerless to

6   achieve its intended purpose.  These fundamental flaws render Dr. Hubbard's

7   opinion on competition in the fund industry inadmissible under Fed. R. Evid. 702

8   and *Daubert* and its progeny.

9       In accordance with Local Rule 7-3, the Parties met and conferred regarding

10  this motion on March 10, and April 8, 2009.  *See* Decl., ¶ 3.

11  **II.   ARGUMENT AND AUTHORITIES**

12      The standard for admitting expert testimony at trial is set forth in Fed. R.

13  Evid. 702.  The Supreme Court analyzed the standard in *Daubert* and held that

14  Rule 702 assigns federal district courts the task of "gatekeeping" to ensure the

15  reliability and relevancy of expert scientific testimony.  *Daubert*, 509 U.S. at 589,

16  n.7.  In *Kumho Tire Co. v. Carmichael*, 526 U.S. 137, 141, 119 S. Ct 1167, 1171;

17  143 L. Ed 2d 238, 246 (1999), the Supreme Court reaffirmed its *Daubert* holding

18  and clarified that this gatekeeper function applies to all expert testimony.

19      Only those expert opinions which are relevant are admissible.  *United States*

20  *v. Sandoval-Mendoza*, 472 F.3d 645, 654 (9th Cir. 2006).  Expert opinion

21  testimony is relevant if the knowledge underlying it has a "valid. . . connection to

22  the pertinent inquiry."  *Id.*; *see also Daubert*, 509 U.S. at 591 (expert testimony

23  must be "sufficiently tied to the facts of the case that it will aid the jury in

24  resolving a factual dispute" so that "expert testimony which does not relate to any

25  issue in the case is not relevant and, ergo, non-helpful") (citations omitted).

26  Defendants, as proponents of Dr. Hubbard's testimony, must prove its

27  admissibility by a preponderance of the evidence.  *QR Spex, Inc. v. Motorola, Inc.*,

28

- 2 -

DOCS\468927v2

1   03-6284 2004 U.S. Dist. LEXIS 27378 (C.D. Cal. Oct. 28, 2004).  For the reasons

2   stated below, Dr. Hubbard's testimony regarding competition in the mutual fund

3   industry is not relevant to this case and should be excluded.

4       **A.**    **Dr. Hubbard's Conclusions with Respect to Purported**

5               **Competition in the Mutual Fund Market Are Not Relevant**

            **to this Court's Determination of Whether Defendants**

6               **Breached Their Fiduciary Duty under Section 36(b)**

7       The issue that the Court must resolve in this case is whether Defendants

8   violated Section 36(b) by breaching their fiduciary duties with respect to fees,

9   including by charging excessive fees.  This Court has indicated that, to perform

10  this analysis, it will be guided by the decision in *Gartenberg v. Merrill Lynch Asset*

11  *Mgmt., Inc.*, 694 F.2d 923 (2d Cir. 1982).  *See In re American Mut. Funds Fee*

12  *Litig.*, 2005 U.S. Dist. LEXIS 41884, at *15-16 (C.D. Cal. Dec. 16, 2005).  The

13  *Gartenberg* decision focused on enumerated factors which include: the nature and

14  quality of the services Defendants provided; the profitability of the funds to the

15  Defendants; the existence of any economies of scale achieved as the funds grow

16  larger and whether these economies of scale were shared with the fund

17  shareholders; the comparative fee structures of similar mutual funds; fall-out

18  benefits to the fund manager; and the independence and conscientiousness of the

19  funds' Directors. *Gartenberg,* 694 F.2d at 929-30.

20      As he testified in his report and at deposition, Dr. Hubbard will testify at

21  trial that there is vigorous competition in the mutual fund industry and this

22  competition prevents mutual fund advisers from ever charging "economically"

23  excessive fees. *See* Hubbard Report at 3, 18-44; Hubbard Tr. at 120-127, 193-194,

24  279.  As a threshold matter, to accept Dr. Hubbard's opinion, this Court must first

25  accept Dr. Hubbard's assertion that there is such competition in the mutual fund

26  market.  Yet Congress in the legislative history of Section 36(b), as well as several

27  courts, rejected this view and recognized that Section 36(b) came into existence to

28

- 3 -

1  provide protection to mutual funds precisely because of the lack of effective
2  competition. *See* S. Rep. No. 184, 91st Cong., 1st Sess., reprinted in 1970 U.S.
3  Code Cong. & Ad. News 4897 (the forces of arm's-length bargaining do not work
4  in the mutual fund industry in the same manner as they do in other sectors of the
5  American economy); *see also Daily Income Fund, Inc. v. Fox*, 464 U.S. 523, 537,
6  104 S. Ct. 831, 839, 78 L. Ed. 2d 645, 656 (1984) (Section 36(b) was motivated in
7  part by studies indicating that "the structure of the industry . . . had proved resistant
8  to efforts to moderate adviser compensation"); *Gartenberg*, 694 F.2d at 929
9  ("investment advisers seldom, if ever, compete with each other for advisory
10  contracts with mutual funds"); *Schuyt v. Rowe Price Prime Reserve Fund*, 663 F.
11  Supp. 962, 974 (S.D.N.Y. 1987) (declining to rely on expert testimony that found
12  competition in the market for advisers as "directly contradicted" by *Gartenberg*);
13  *cf. Krinsk v. Fund Asset Mgmt.*, 715 F. Supp. 472, 497 (S.D.N.Y 1988)
14  (considering comparable fees, but *citing Gartenberg*, 694 F.2d 923, for the
15  proposition that such fees have "limited value due to the lack of competition
16  among advisers for fund business").

17       If the Court were to accept Dr. Hubbard's opinion that Defendants' fees
18  simply can not be excessive because the market is competitive, the Court would in
19  effect read Section 36(b) largely out of existence. Plaintiffs submit that if a finding
20  is to be made that the structure of the mutual fund industry has changed so much
21  that Section 36(b) is no longer necessary, that finding should be made by Congress,
22  not the courts.

23       Even if the Court accepts the premise that there is competition in the mutual
24  fund market, Dr. Hubbard's opinion should still be excluded. Dr. Hubbard's
25  opinion is essentially that because excessive fees can not exist in the marketplace,
26
27
28

PLAINTIFFS' MOTION IN LIMINE TO STRIKE THE OPINIONS AND PROPOSED TESTIMONY OF
DEFENDANTS' EXPERT, R. GLENN HUBBARD

DOCS\468927v2

1   violations of Section 36(b) also can not exist.[4]  Carried to its logical conclusion,

2   Dr. Hubbard's opinion therefore effectively argues Section 36(b) out of existence--

3   something only Congress has the power to do.  As this Court must evaluate

4   whether Defendants violated Section 36(b) under the particular facts of this case

5   and Dr. Hubbard opines that Section 36(b) can never be violated, Dr. Hubbard's

6   opinion is not relevant to this case.  *See Daubert*, 509 U.S. at 591 ([e]xpert

7   testimony must be "sufficiently tied to the facts of the case that it will aid the jury

8   in resolving a factual dispute").[5]

9        A final reason why Dr. Hubbard's opinions are irrelevant to the facts at issue

10  in this case is even if this Court concludes that there is competition in the mutual

11  fund market, Plaintiffs still have a cause of action for breach of fiduciary duty

12  under Section 36(b).  *See Gallus v. Ameriprise*. 07-2945, Slip. Op. (8th Cir. Apr. 8,

13  2009).[6]  In *Gallus*, a Section 36(b) case, the Eighth Circuit held just a few weeks

14  ────────────────

[4] Dr. Hubbard expresses other opinions inconsistent with Section 36(b).  For
15  example, his opinion that an "investor's economic well-being is not affected by
   how that total fee is allocated among different fee categories" (Hubbard Report at
16  10) ignores that a Section 36(b) case is a derivative case brought on the funds', not
   the investors', behalf.  *See, e.g., In re American Mut. Funds Fee Litig.*, 04-5593,
17  2005 U.S. Dist. LEXIS 41884, at *15-16 (C.D. Cal. Dec. 16, 2005).  Accordingly,
   as with his opinions discussed above, this opinion by Dr. Hubbard should similarly
18  be excluded.

19  [5] Dr. Hubbard attempts to avoid the argument that he is opining on the legal issue
   of whether Defendants' fees are excessive under Section 36(b) by clever
20  wordsmithing: opining that the fees cannot be "economically" excessive as a
   general matter as opposed to opining that the fees cannot be "excessive" for
21  purposes of Section 36(b).  Clearly, however, Defendants' intent in submitting his
   opinion is to argue that if a fee cannot be "economically" excessive, it can not
22  violate Section 36(b).

23  [6] The irrelevance of Dr. Hubbard's opinion regarding competition's effect on fees
   is highlighted by his corollary opinion that competition constrains fees even if
24  boards do not negotiate at arm's length.  Hubbard Report at 40.  Dr. Hubbard
   explains that even if the hallmarks of arm's length bargaining were absent in the
25  board's negotiation with the adviser, this "reveals nothing about whether
   competition constrains mutual fund fees." *Id.*  This statement demonstrates that
26  Dr. Hubbard's opinion is focused on whether competition constrains fees from an
   economic perspective as opposed to the relevant consideration in this case, which
27  is whether, under the facts of this case, Defendants breached their fiduciary duties,
   including with respect to the excessiveness of their fees, for purposes of Section

28
                              - 5 -

DOCS\468927v2

1   ago that proving that the fee itself was so high it must be excessive is not the only

2   way a plaintiff can prove a breach of fiduciary duty under that statute.  Slip Op. at

3   11.  The Eighth Circuit explained that another way for a plaintiff to prove a breach

4   of fiduciary duty under Section 36(b) would be to demonstrate that "the adviser

5   was not honest and transparent throughout the negotiation process" and for the

6   Court to look to "both the adviser's conduct during negotiation and the end result."

7   *Id.* at 11-12.[7]   This failure to be "honest and transparent throughout the

8   negotiation" is encompassed by Plaintiffs' claim of breach of fiduciary duty under

9   Section 36(b).

10      For example, the evidence amassed during discovery shows that Defendants

11  breached their fiduciary duty with respect to the fee negotiation process in this case

12  by withholding critical information from the directors concerning problems that

13  had developed because of the unprecedented growth of the funds which began in

14  2003.                                                    **REDACTED**

15

16                                   **REDACTED**

17

18  36(b).  In fact, this opinion by Dr. Hubbard, like the others discussed above, is
    contrary to Section 36(b).  *See Gallus*, Slip. Op. at 11 ("plain language of § 36(b)"
19  imposes on advisers a duty to be honest and transparent throughout the negotiation
    process").
20

21  [7] Other cases have recognized that the parameters of Section 36(b) are not limited
    to whether an excessive fee was charged. As the *Gallus* Court recognized, the
22  Second Circuit in *Galfand v. Chestnutt Corp.*, 545 F. 2d 807, 809 (2d Cir. 1976)
    concluded that an adviser violated its fiduciary duty under Section 36(b) by
23  acquiring a "patently one-sided revision of the advisory contract" from the mutual
    fund without full disclosure to the funds' directors.  The Seventh Circuit in *Jones*
24  *v. Harris*, 527 F. 3d 627, 632 (7th Cir. 2007), *cert. granted* 08-586, 2009 U.S. Lexis
    1837 (Mar. 9, 2009) also held that an adviser is governed by traditional fiduciary
25  duty principles.  The *Jones* decision is under review by the Supreme Court;
    Plaintiffs disagree with its conclusions regarding competition and its application of
26  fiduciary duty principles to the facts at issue, but agree with *Jones* that Section
    36(b) encompasses claims for breach of fiduciary duty over and above claims that
27  the fee was simply too high.

28                                        - 6 -

DOCS\468927v2

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**REDACTED**

**REDACTED**

**REDACTED**

- 7 -

PLAINTIFFS' MOTION IN LIMINE TO STRIKE THE OPINIONS AND PROPOSED TESTIMONY OF
DEFENDANTS' EXPERT, R. GLENN HUBBARD

DOCS\468927v2

1

2

3

4

5

6

7

8

9

10

11

12

13 **REDACTED**

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

PLAINTIFFS' MOTION IN LIMINE TO STRIKE THE OPINIONS AND PROPOSED TESTIMONY OF
DEFENDANTS' EXPERT, R. GLENN HUBBARD

DOCS\468927v2

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# REDACTED

Thus, whether or not there was competition in the fund industry that eliminates "economically" excessive fees is simply not relevant to the facts of this Section 36(b) case and does not help determine whether the negotiation process was "honest and transparent." Thus, Dr. Hubbard's opinion regarding competition will not assist the Court and should be excluded.

DOCS\468927v2

**III.    CONCLUSION**

For the foregoing  reasons, Plaintiffs respectfully request that this Court grant the relief sought and exclude the testimony of Defendants' expert, Dr. Hubbard, as set forth in this motion.

DATED: April 14, 2009

MILBERG LLP
JEROME M. CONGRESS
JANINE L. POLLACK
ANNA C. DOVER
JOHN R. S. MCFARLANE


*Janine L. Pollack*

JANINE L. POLLACK
One Pennsylvania Plaza
New York, NY 10119-0165
Telephone: (212) 594-5300
Facsimile: (212) 868-1229

MILBERG LLP
Jeff S. Westerman
Sabrina S. Kim
One California Plaza
300 S. Grand Avenue, Suite 3900
Los Angeles, CA 90071
Telephone: (213) 617-1200
Facsimile: (213) 617-1975

WEISS & LURIE
Joseph H. Weiss
Richard A. Acocelli
Julia J. Sun
551 Fifth Avenue, Suite 1600
New York, NY 10176
Telephone: (212) 682-3025
Facsimile: (212) 682-3010

***Co-Lead Counsel for Plaintiffs***

- 10 -

DOCS\468927v2

## DECLARATION OF SERVICE BY MAIL

I, the undersigned, declare:

1.     That declarant is and was, at all times herein mentioned, employed in the County of Los Angeles, over the age of 18 years, and not a party to or interest in the within action; that declarant's business address is One California Plaza, 300 South Grand Avenue, Suite 3900, Los Angeles, California 90071.

2.     That on April 14, 2009, declarant served PLAINTIFFS' MOTION IN LIMINE TO STRIKE THE OPINIONS AND PROPOSED TESTIMONY OF DEFENDANTS' EXPERT, R. GLENN HUBBARD via email to the parties listed on the attached Service List.

3.     That there is a regular communication via email between the place of mailing and the places so addressed.

I declare under penalty of perjury that the foregoing is true and correct. Executed this 14th day of April, 2009, at Los Angeles, California.

_____
ELIZABETH VILLALOBOS

PLAINTIFFS' MOTION IN LIMINE TO STRIKE THE OPINIONS AND PROPOSED TESTIMONY OF DEFENDANTS' EXPERT, R. GLENN HUBBARD

DOCS\468927v2

# AMERICAN FUNDS
## Service List

| *Counsel for Defendants* | |
|---|---|
| Gareth T. Evans<br>Andrew Z. Edelstein<br>**GIBSON DUNN & CRUTCHER**<br>333 S. Grand Avenue, 45th Floor<br>Los Angeles, CA 90071-3197<br>Telephone: (213) 229-7000<br>Facsimile: (213) 229-7520<br>E-mail: gevans@gibsondunn.com***<br>aedelstein@gibsondunn.com | James N. Benedict<br>Andrew E. Tomback<br>Sean M. Murphy<br>C. Neil Gray<br>**MILBANK, TWEED, HADLEY<br>& McCLOY LLP**<br>One Chase Manhattan Plaza<br>New York, NY 10005<br>Telephone: (212) 530-5000<br>Facsimile: (212) 530-5219<br>E-mail: jbenedict@milbank.com<br>smurphy@milbank.com***<br>cngray@milbank.com |
| **\*\*\* Denotes service via e-mail.** | |

- 12 -

PLAINTIFFS' MOTION IN LIMINE TO STRIKE THE OPINIONS AND PROPOSED TESTIMONY OF
DEFENDANTS' EXPERT, R. GLENN HUBBARD

DOCS\468927v2